**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID E. CAMERON, et al.,** | : | |
| | : | **Case No. 2:12-CV-00168** |
| **Plaintiffs,** | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **HESS CORPORATION, et al.,** | : | **Magistrate Judge Deavers** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the Motion of Defendants Hess Corporation, Hess
Ohio Resources, LLC, and Hess Ohio Developments, LLC (collectively "Defendants" or "Hess")
to Reconsider, in Part, Opinion and Order on Summary Judgment Motions. (Doc. 68.)
Specifically, Defendants move that this Court reconsider and grant Defendant relief from the
portion of this Court's September 24, 2013 Opinion and Order, (Doc. 66), granting summary
judgment to Plaintiffs Melissa and Stephan Griffith. For the reasons set forth herein, Defendants'
Motion is **DENIED**.

## II. BACKGROUND

The facts and procedural history of this matter are set forth at length in this Court's
Opinion and Order dated September 24, 2013 (the "Opinion and Order"). (Doc. 66.)  In the
Opinion and Order, the Court ruled in favor of Plaintiffs Melissa and Stephen Griffith
(collectively "Plaintiffs" or the "Griffiths") on their motion for summary judgment on their lease

termination claim against Hess.[1] (*Id*. at 15.)

Specifically, the Court considered whether an oil and gas lease executed between Hess's predecessor-in-interest, Mason Dixon, (the "Griffiths Lease") remained valid and enforceable or had terminated on its own terms. (*Id*. at 10.)  In deciding this question, the Court considered two relevant provisions of the Griffiths Lease: (1) the habendum clause, and (2) the "delay rental" provision.  The habendum clause provided that the Griffiths Lease had a "primary term" of five years, and authorized the Lessee (i.e., Hess) to extend the lease term for an "additional term" of five years through tendering to the Lessor (i.e., the Griffiths) an "extension payment." Griffiths Lease ¶ 2.  The "delay rental" provision provided that, if drilling was not commenced within 12 months, the Griffiths Lease would automatically terminate unless the Lessee tendered a "delay rental" payment, which would preserve the right to drill for an additional 12 months. *Id*. at ¶ 4. The "delay rental" provision also stated that, "[t]hereafter, annually, in like manner and upon like [delay rental] payments or tenders, the commencement of drilling operations may be further deferred for periods of twelve (12) months each during the primary term." *Id*.

The Court assumed for the purpose of deciding the motions for summary judgment that the Griffiths Lease was validly executed and that the Lessee had made all payments – including "delay rental" and extension payments – required under the lease. After examining both relevant lease provisions, the Court determined that, because the language authorizing annual "delay rental" payments referenced only the "primary term" of the lease and not the "additional term" created through an extension payment, Hess was not permitted to defer drilling operations during

---

[1] The Court also denied summary judgment to co-plaintiff David Cameron on his lease termination claim against Hess, based on differences in the language and terms of the two Leases. That ruling, however, is not at issue in Defendants' Motion for Reconsideration.

the "additional term." (Doc. 66 at 11-12.)  As the Court explained:

> Ohio courts have regularly encountered habendum clauses in oil and gas leases
> that provide for primary and secondary terms, and recognized that terms of the
> contract may impose distinct obligations for each. *See, e.g., Am. Energy Sev. V.
> Lekan*, 598 N.E.2d 1315, 1319-20 (Ohio Ct. App. 1992) (interpreting a habendum
> clause to mean that "[i]f after the expiration of the primary term *the conditions of
> the secondary term* are not continuing to be met, the lease terminates by the
> express terms of the contract herein and by operation of law and revests the leased
> estate in the lessor") (emphasis added); *Moore v. Adams*, No. 2007-AP-90066,
> 2008 WL 4907590, ¶¶ 26-28 (Ohio Ct. App. Nov. 17, 2008) (noting that an oil
> and gas habendum clause has two parts – a primary term and a secondary term –
> that impose distinct conditions). As such, where the language of a habendum
> clause creates two distinct terms – here, a "primary term" and an "additional
> term" created by an extension payment – this Court cannot infer that conditions
> that expressly apply to the "primary term" also automatically apply to the
> "additional term." Had the parties intended this result, they could have so
> contracted.

(*Id*. at 12.)

Based on the above, the Court concluded that the Griffiths Lease did not authorize Hess
to use annual delay payments to postpone drilling during the additional term.  Thus, even though
Hess made the requisite payment to extend the lease term for an additional five years, the
Griffiths Lease automatically terminated on June 13, 2012, pursuant to the "delay rental"
provision, when Hess failed to commence drilling during the first 12 months of the additional
term. Having so determined, the Court granted summary judgment for Plaintiffs as to the
termination of the Griffiths Lease.

In their Motion for Reconsideration, Defendants argue that an error in the Court's
transcription of the habendum clause – taken from Defendants' own briefing – substantively
alters the conclusion above.  In particular, Defendants point out that Page 3 of the Opinion and
Order inaccurately quotes Paragraph 2 of the Griffith Lease as stating, in pertinent part, that:

> Lessee has the option to extend this lease for an additional term of five (5) year(s)

> from the expiration of the primary term of this lease, and as long thereafter as oil or gas . . . or either of them, is produced from said land by the Lessee, its successors and assigns, said extension to be under the same *term of* this lease.

(Doc. 66 at 3) (emphasis supplied).

Paragraph 2 of the Griffith Lease actually states:

> Lessee has the option to extend this lease for an additional term of five (5) year(s) from the expiration of the primary term of this lease, and as long thereafter as oil or gas . . . or either of them, is produced from said land by the Lessee, its successors and assigns, said extension to be under the same *terms and conditions as contained in* this lease.

Griffiths Lease ¶ 2 (emphasis supplied).

Relying on the language originally omitted from the Opinion and Order, Defendants argue that the Lessee *did* contract for the "delay rental" provision to apply to the additional term of the lease.  Defendants therefore argue that there exists a clear mistake of fact that warrants reconsideration of this Court's Opinion and Order granting summary judgment for the Griffiths.

### III. STANDARD OF REVIEW

District courts will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). *See also Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (a judgment may also be altered or amended when necessary "to prevent manifest injustice").

As this Court has recognized, "[d]istrict courts 'have authority both under common law and [Federal] Rule [of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.'" *Gibney v. State Farm Fire & Cas. Co.*, No.

4

2:10-CV-00708, 2012 WL 6015961, at * 3 (S.D. Ohio Dec. 3, 2012) (quoting

*Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. App'x 949, 959 (6th Cir. 2004)

(citing *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991)). This authority "vests in district

courts 'significant discretion,' . . . 'to afford such relief from [interlocutory orders] as justice

requires.'" *Id.* (quoting *Rodriguez,* 89 Fed App'x at 959). In particular, "[t]raditional

justifications for reconsidering interlocutory orders include: '(1) an intervening change of

controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent

manifest injustice.'" *Id.* (quoting *Louisville/Jefferson Co. Metro Gov't v. Hotels.com L.P.,* 590

F.3d 381, 389 (6th Cir. 2009)). Significantly, "justice does not require that the district court

[grant reconsideration] on an issue that would not alter the district court's prior decision."

*Rodriguez*, 89 Fed. App'x at 959-60.

## IV. LAW AND ANALYSIS

Here, Defendants argue that this Court made a substantive mistake of fact as to the

language of the habendum clause of the Griffiths Lease and that, therefore, reconsideration of the

Court's Opinion and Order is warranted to prevent manifest injustice. Defendants misread the

Opinion and Order.

In determining that the Griffiths Lease did not permit "delay rental" payments during the

"additional term," the Court relied on express language in the "delay rental" provision that

authorized the deferral of drilling operations "for periods of twelve (12) months each *during the

primary term*." Griffiths Lease ¶ 4 (emphasis supplied). As the Court explained in the Opinion

and Order, in granting the Lessee "the option to extend this lease for an additional term of five

(5) years(s) *from the expiration of the primary term* of this lease," the Griffiths Lease "define[d]

the 'additional term' relative to, and as distinct from, the 'primary term.'" (Doc. 66 at 11-12) (emphasis in Opinion and Order). That the "extension [is] to be under the same terms and conditions as contained in this lease," Griffith Lease ¶ 2, does not change the fact that the "primary term" and "additional term" are two distinct terms.

In specifying that drilling deferral is permitted in the "primary term" of the lease, the "delay rental" provision created an exception to the general rule that the same terms and conditions apply to both the "primary term" and "additional term." Under the ordinary rules of contract construction, a more specific provision prevails over one that is general in its terms. *See Mut. Life Ins. Co. v. Hill*, 193 U.S. 551, 558 (1904) ("[W]hen the parties express themselves in reference to a particular matter, the attention is directed to that, and it must be assumed that it expresses their intent; whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought."). Thus, here, the "delay rental" provision controls the question of when delay rental payments are permitted under the lease. *See Kelly v. Med. Life Ins. Co.*, 509 N.E.2d 411, 411 (Ohio 1987) ("The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."); *see also Opinion and Order*, Doc. 66 at 12 ("Ohio courts have regularly encountered habendum clauses in oil and gas leases that provide for primary and secondary terms, and recognized that terms of the contract may impose distinct obligations for each.") (citing *Am. Energy Sev. V. Lekan*, 598 N.E.2d 1315, 1319-20 (Ohio Ct. App. 1992); *Moore v. Adams*, No. 2007-AP-90066, 2008 WL 4907590, ¶¶ 26-28 (Ohio Ct. App. Nov. 17, 2008)).

Based on the above, correcting the transcription of the habendum clause to add the words "and conditions as contained in" does not change the proper construction of "delay rental" provision.  The transcription error therefore has no bearing on the Court's conclusion that drilling deferral payments are not permitted during the "additional term" of the Griffiths Lease. In light of the unambiguous language of the "delay rental" provision, the Griffiths Lease terminated on June 13, 2012, when Hess failed to commence drilling during the first 12 months of the "additional term."[2] Because "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision," *Rodriguez*, 89 Fed. App'x at 959-60, Defendants' Motion is **DENIED**.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Reconsider is hereby **DENIED**.

**IT IS SO ORDERED.**

     s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 15, 2013**

---

[2] Defendants also argue that, if the "delay rental" provision only allows deferral payments during the primary term, the portion of the "delay rental" provision that terminates the lease (i.e., if drilling is not commenced within 12 months) also applies only to the primary term. This Court's Opinion and Order held that annualized deferral payments were not permitted during the additional term, not that the entire "delay rental" provision did not apply to the additional term.  Nor does the language of the "delay rental" provision support Defendants' preferred reading of the contract. As Defendants themselves point out, the general rule of the Griffiths Lease is that the "extension [is] to be under the same terms and conditions as contained in this lease." Griffith Lease ¶ 2.  The "delay rental" provision's sole reference to the "primary term" arises in connection with the authorization of annualized "delay rental" payments. *Id*. at ¶ 4.  Because the text of the "delay rental" provision does not specify that termination upon failure to drill is limited to the primary term, the general rule dictates that the termination clause applies both to the primary and additional terms.